IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOURCECORP, INCORPORATED,<br>Plaintiff,<br><br>v.<br><br>JAMES KENNETH CRONEY, JR. and<br>KIMBERLY D. CRONEY,<br>Defendants. | CIVIL ACTION<br><br>NO. 08-5958 |

## MEMORANDUM

**Tucker, J.**                                                                                                                July ___, 2010

Presently before this Court is the Plaintiff's Motion for Contempt and Sanctions and Plaintiff's Motion for Reconsideration of Order Granting Stay Pending Appeal and to Dissolve Stay. (Doc. 82.) For the reasons stated below, the Court will grant Plaintiff's Motions.

## BACKGROUND

Plaintiff, SOURCECORP, INCORPORATED ("SOURCECORP" or "Plaintiff") brings this action against Defendants, James Kenneth Croney, J. and Kimberly D Croney, to impose sanctions against Defendants in contempt of the Agreed Permanent Injunction entered by this Court and to dissolve the stay of execution on the Final Judgment. Plaintiff is a Delaware corporation with its principal place of business located in Dallas, Texas. Defendants are married citizens of Pennsylvania.

## PROCEDURAL HISTORY

On January 8, 2010, this Court entered a judgment against Defendants, who had been sued by Plaintiff after a number of fraudulent transfers among entities owned and controlled by Defendants, which resulted in Defendants' failure to remit payments due and owing to Plaintiff. On January 25, 2010, this Court entered an Agreed Permanent Injunction to preserve Defendants' assets. On March 15, 2010, this Court granted

Defendants' Motion to Stay Pending Appeal, ordering a stay of execution on the final judgment owed to Plaintiff. Plaintiff now moves for the Court to find Defendants in contempt for violations of the Injunction and to dissolve the stay of execution.

**LEGAL STANDARD**

Defendants were granted a stay of execution of judgment pending appeal pursuant to Rule 62(d). Rule 62(d) states a party "may obtain a stay by supersedeas bond." *Fed. R. Civ. P.* 62(d). The court has the power to waive the bond requirement under "extraordinary circumstances." *See, e.g.*, C. Albert Sauter Co. Richard S, Sauter Co., 368 F. Supp. 501, 520-21 (E.D. Pa. 1973); Schreiber v. Kellogg, 839 F. Supp. 1157, 1161-62 (E.D. Pa. 1993). Additionally, courts in the Third Circuit require that there be an alternative means of securing the judgment creditor's interest if the bond requirement is to be waived. *See, e.g.*, Grand Entm't Group v. Star Media Sales, No. 86-5763, 1992 WL 114953, at *2 (E.D. Pa May 18, 1992); Porter v. Nationcredit Consumer Discount Co., No. 03-03768, 2007 WL 674709, at *1 (E.D. Pa. Feb. 28, 2007). In the present case, the Agreed Permanent Injunction already in place at the time of the order granting the stay was intended to serve as the alternative means of securing Plaintiff's interest.

**DISCUSSION**

The terms of the permanent injunction, agreed upon by both Plaintiff and Defendant, ensured that all of Defendants' assets "will remain frozen," with the exception of a maximum $25,000.00 monthly spending limit for Defendants to spend, in the aggregate, on the "general living expenses" of the Croney family and three other explicitly permitted payments to other entities. Plaintiff alleges that Defendants have taken advantage of this Court's order and continued to transfer, conceal, and squander funds. According to Plaintiff, in the three months after the entry of the injunction, Defendants spent more than $14,000.00 on hair appointments, ski trips, club memberships, and other alleged luxuries that, in the eyes of Plaintiff, fall well beyond the "general living expenses" mandated by the injunction. Plaintiff further alleges that Defendants did

not receive prior written approval for their modifications of the terms of the Injunction, as mandated by the Court.

In their response to Plaintiff's motion, Defendants do not deny these expenditures, but claim they are justified because they remain within the $25,000.00 limit and, according to Defendant, are within the scope of "other similar expenses" the Court had in mind when it granted the injunction and ordered a stay of execution of judgment. This Court finds Defendants' reasoning is flawed and unpersuasive. Consequently, the Court agrees with Plaintiff's position, and holds that Defendants are in contempt of the Agreed Permanent Injunction and sanctions shall be issued.

Defendants make much of the fact that the phrase "general living expenses for [the Croney] family" is, in their words, an "undefined phrase" and that the list of examples provided in the Injunction's parenthetical are not exhaustive.[1] However, Defendants analogizing of hair appointments and ski outings to mortgage payments and groceries is a clearly overgenerous reading of the phrase "similar expenses." Also, the Injunction explicitly permits the Croneys to make a "one-time principle payment" to Bryn Mawr trust with the further explicit direction that this one-time payment is to be made "on or before March 1, 2010." (Doc. 66 at 2). Plaintiffs allege – and Defendants do not deny – that *four* payments were made totaling $26,930.94 to the Bryn Mawr trust, with the final $25,000 payment entered on March 25, 2010, nearly a month after the deadline dictated in the Injunction.[2] In just three months since the Injunction was granted, Defendants have established a pattern of attempts to manipulate the terms of an already generous spending allowance to better suit their lifestyle.

This Court ordered a stay of execution of judgment against Defendants and waived the bond requirement. In their Motion for Stay Pending Appeal, Defendant's claimed that Plaintiff would not be injured under a stay because their interests would be adequately protected by the previously ordered Injunction.

---

[1] The Injunction states the Croney living expenses exception is for "mortgage, insurance, groceries, medical expenses, electric and gas bills, cable bills, cellular phone service, or other *similar* expenses." (Doc. 66 at 2, emphasis added.)

[2] Plaintiff's brief at 4, note 1. ("[t]he Croneys made three unauthorized payments to the Bryn Mawr Trust totaling $1,930.94 in addition to another payment of $25,000.00 … on March 25, 2010")

3

However, Defendants have demonstrated that they intend to continue squandering funds to Plaintiff's detriment, directly undermining the purpose of the Injunction. Therefore, Defendants no longer meet the requirements for a stay, specifically, the "extraordinary circumstances" called for when this Court waived the bond requirement. Further, Defendants have not proven that the Croney family will suffer irreparable injury if the stay is dissolved. "Irreparable injury" and "curbing of extravagant, discretionary spending" are not synonymous. Defendants are continuing to transfer and dispose of funds in violation of the Injunction supposedly freezing their assets, interfering with the Plaintiff's agreed means of securing their interests during the stay of execution.

For these reasons, the Court will grant Plaintiff's Motions for Contempt and Sanctions, Plaintiff's Motion for Reconsideration of Order Granting Stay Pending Appeal, and Motion to Dissolve Stay.

An appropriate order follows.